UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PATRICK R. OSZUSCIK, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CAUSE NO. 3:13-CV-496 RM |
| ) | (Arising out of 3:11-CR-119 RM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

OPINION and ORDER

Patrick Oszuscik pleaded guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and was sentenced on May 24, 2012 to a term of 225 months imprisonment. No appeal was taken. On May 23, 2013, Mr. Oszuscik filed a petition pursuant to 28 U.S.C. § 2255, seeking to have his sentence vacated based on his claims that his counsel was ineffective for failing to insure that the court abided by Federal Rule of Criminal Procedure 11, failing to investigate, challenge, and suppress the statement Mr. Oszuscik gave to investigators, and failing to investigate or challenge the evidence relating to imposition of a five-level sentencing enhancement. The court denied Mr. Oszuscik's § 2255 petition on June 11, 2013 because he had waived his right to contest his conviction and sentence in his plea agreement, noting, too, that his claims were without merit. Mr. Oszuscik has filed an appeal of that order and is before the court asking that a certificate of appealability be issued. Although Mr.

Oszuscik hasn't filed a motion to proceed *in forma pauperis* on his appeal, the court will view his motion as including that request, as well.

Issuance of a certificate of appealability requires the court to find that Mr. Oszuscik has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has not done so. Mr. Oszuscik didn't establish that his guilty plea was anything but informed and voluntary, or that his counsel provided ineffective assistance. His request for a certificate of appealability will be denied.

Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be permitted to proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." <u>Walker v. O'Brien</u>, 216 F.3d 626, 632 (7th Cir. 2000). Because no reasonable person could find that Mr. Oszuscik's appeal has any merit, the court concludes that his appeal is not taken in good faith, and his request for pauper status must be denied.

Based on the foregoing, the court DENIES Mr. Oszuscik's motion for a certificate of appealability and for leave to proceed *in forma pauperis* on appeal [docket # 60].

SO ORDERED.

ENTERED:   August 21, 2013

                                      /s/ Robert L. Miller, Jr.
                                      Judge, United States District Court

cc:   P. Oszuscik
      AUSA Maciejczyk